NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2245

———————

JOHN DOE 1;
JANE DOE 1, in their own capacity and as parent of CHILD DOE 1;
JANE DOE 2, in her own capacity and as parent of CHILD DOE 2 and CHILD DOE 3;
JANE DOE 3, in her own capacity and as parent of CHILD DOE 4
and on behalf of those similarly situated,
                                                            Appellants

v.

NORTH ALLEGHENY SCHOOL DISTRICT, a Pennsylvania governmental entity;
RICHARD McCLURE; ELIZABETH BLACKBURN; MARCIE CROW; LESLIE
BRITTON DOZIER; PAIGE HARDY; KEVIN MAHLER; VIDYA SZYMKOWIAK;
ELIZABETH WERNER; SHANNON YEAKEL, all individual elected officials sued in
their official capacity as members of the NORTH ALLEGHENY SCHOOL DISTRICT
BOARD OF DIRECTORS, a Pennsylvania elected legislative body; NORTH
ALLEGHENY SCHOOL DISTRICT BOARD OF DIRECTORS

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-00055)
District Judge: Honorable Marilyn J. Horan

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 11, 2023

Before:  AMBRO, GREENAWAY, JR., and KRAUSE, Circuit Judges

(Opinion filed: January 13, 2023)

## OPINION[*]

AMBRO, <u>Circuit Judge</u>.

Plaintiffs-Appellants (for ease of reference, "Plaintiffs") are school-age children and their parents who sued to enjoin the North Allegheny School District from instituting an optional COVID-19 masking policy in January 2022. They claimed violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

In connection with Plaintiffs' complaint, they successfully obtained a temporary restraining order (TRO) from the District Court that preserved the Parties' status quo pending a decision on the merits. Thereafter, the School District filed an interlocutory appeal with us. But before we could consider the merits of the appeal (much less render a decision), the Centers for Disease Control and Prevention (CDC) published revised guidance for COVID-19 mitigation measures. We concluded that guidance mooted Plaintiffs' claims. As such, we dismissed their appeal and directed the District Court on remand to dismiss their complaint without prejudice. Following dismissal on remand, Plaintiffs motioned the District Court for attorneys' fees and costs. *See* 42 U.S.C. § 12205; 29 U.S.C. § 794a. It denied that request, ruling that they were not prevailing parties entitled to statutory relief. We agree.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Plaintiffs have not obtained a "judgment on the merits" or a "court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001). This case also does not present the "rare situation where a merits-based determination is made at the injunction stage." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc) (citing *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 229 (3d Cir. 2008)). The District Court's ephemeral TRO was fashioned to facilitate the "prompt scheduling of discovery and an evidentiary hearing on the merits." J.A. 08 (Op. 5). Yet no discovery or evidentiary hearing ever occurred. Not long after the TRO was entered, the Parties' dispute was resolved by the CDC's "nonjudicial alteration of actual circumstances," a situation that does not call for an award of attorneys' fees or costs. *Buckhannon*, 532 U.S. at 606 (cleaned up).

Because Plaintiffs achieved none of the outcomes that warrant the relief they seek, we affirm.